**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BINYAM NEGASH KIFLE, | No. 08-74616 |
| Petitioner, | Agency No. A025-307-973 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 16, 2013
San Francisco, California

Before: BYBEE and FARRIS, Circuit Judges, and ADELMAN, District Judge.[**]

Binyam Negash Kifle, a native and citizen of Sudan, petitions for review of

the Board of Immigration Appeals' ("BIA") order affirming an Immigration

Judge's ("IJ") denial of his application for withholding of removal under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

§ 1231(b)(3) and the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition for review.

1.      Although this court's jurisdiction over the petition for review is limited because Petitioner is removable for having committed an aggravated felony covered by 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review constitutional claims and questions of law presented by the petition. 8 U.S.C. § 1252(a)(2)(D). We also retain jurisdiction to review factual questions raised by the BIA's denial of Petitioner's application for withholding of removal because the BIA denied his application on the merits, and not on the basis of his aggravated felony conviction. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1075 (9th Cir. 2008).

2.      The BIA did not err when it found DHS had authority to remove Petitioner to Ethiopia. Even though the IJ did not make a finding on the record that Ethiopia was an appropriate country for removal under 8 U.S.C. § 1231(b)(2), DHS had authority to designate it as such once it found that Sudan, the country designated in the IJ's order of removal, was unwilling to accept Petitioner. *See* 8 C.F.R. § 1240.12(d); *see also* 8 C.F.R. § 241.15(b) (noting DHS retains discretion to determine "what constitutes sufficient acceptance"); 8 C.F.R. § 1241.15

2

(prohibiting an IJ or the BIA from reviewing a determination by DHS under 8 C.F.R. § 241.15).

3.      The BIA did not err when it found the IJ had jurisdiction to rule on Petitioner's application for withholding of removal. The only restriction on an IJ's authority to grant or deny withholding of removal is that the country at issue must be "the proposed country of removal." 8 C.F.R. § 1208.16(b), (c)(2). Ethiopia was the proposed country of removal in this case because DHS had designated it as such and was planning to remove Petitioner to that country.

4.      We affirm the BIA's rulings on the merits of Petitioner's application for withholding of removal. There is substantial evidence to support the BIA's conclusion that Petitioner is ineligible for protection under 8 U.S.C. § 1231(b)(3) because he failed to establish a clear probability of persecution in Ethiopia, *see* *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010), and we affirm the BIA's denial of his request for CAT protection for similar reasons, *see* 8 C.F.R. § 1208.16(c)(2).

**PETITION FOR REVIEW DENIED.**